United States District Court
Southern District of Texas

**ENTERED**

March 20, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MANUEL RODRIGUEZ LINARES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-00554** |
| | § | |
| **RAYMOND THOMPSON, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

## <u>ORDER</u>

Before the Court is Petitioner Manuel Rodriguez Linares' Petition for Writ of Habeas Corpus (ECF No. 1, "Petition") and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss, in the Alternative, and Motion for Summary Judgment (ECF No. 5, "Motion for Summary Judgment"). The Court previously granted the Petition in part, determining that Petitioner was entitled to a bond hearing pursuant to § 1226. *See* ECF No. 6. However, following the Fifth Circuit's decision in *Buenrostro v. Bondi*, No. 25- 20496, ---- F.4th ---- 2026 WL 323330 (5th Cir. Feb. 6, 2026), Petitioner was subsequently denied bond. *See* ECF No. 7. The Court now considers Petitioner's argument that he should be released because his continued detention violates due process. For the reasons that follow, the Court **VACATES** its previous order granting habeas relief, **GRANTS IN PART** the Petition, and **DENIES** Respondents' Motion for Summary Judgment.

## I.     BACKGROUND

Petitioner is a citizen of Mexico who has resided in the United States since he arrived as a teenager in 1994. ECF No. 1 at 1. He is married and has two children who are United States citizens. *Id.* at 11. He has no criminal record for the past two decades, and he is steadily employed. *Id.* Petitioner is currently pursuing cancellation of removal. ECF No. 8 at 10.

Petitioner was detained after a traffic stop in September of 2025. *Id.* He did not receive any citations as a result of the stop. *Id.* After taking Petitioner into custody, ICE served him with a Notice to Appear charging him with inadmissibility pursuant to Immigration and Nationality Act. Petitioner is being held subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

On February 3, 2026, this Court ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. ECF No. 6. Following that order, the Fifth Circuit issued its decision in *Buenrostro-Mendez v. Bondi*, No. 25- 20496, ---- F.4th ---- 2026 WL 323330 (5th Cir. Feb. 6, 2026). Pursuant to that decision, on February 10, 2026, an IJ denied bond, finding that the "Court [did] not have jurisdiction to hear the bond redetermination," citing *Buenrostro-Mendez*. ECF No. 7 – Ex. 1.

## II.    ANALYSIS

This Court agrees with Respondents that Petitioner is properly subject to § 1225 under *Buenrostro-Mendez*, which forecloses Petitioner's statutory claim. ECF No. 9 at 2-5. Therefore, the relief previously ordered by this Court—a bond hearing under § 1226—is not the appropriate relief for Petitioner.

However, in his Petitioner, Petitioner also argued that his detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. ECF No. 1 at ¶¶ 28-30. The Court agrees that Petitioner's continued, indefinite detention violates his due process rights.

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, No. 4:26-CV-00798 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the same reasons articulated in that case, the Court reaches the same conclusion here. Because the Court agrees with Petitioner that his ongoing detention violates the Due Process Clause, it declines to address his additional arguments.

For the same reasons previously articulated in *Salvador Rodriguez*, the Court concludes that "the appropriate remedy [for the violation of Petitioner's due process rights] is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that 'continued detention is needed to prevent [Petitioner]] from fleeing or harming the community.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213-14 (3d Cir. 2020)). Other courts addressing similar circumstances have ordered the same or similar remedies. *E.g., Armando Gomez Hernandez, v. ICE Field Off. Dir., El Paso, Texas et al*, No. EP-26-CV-67-KC, 2026 WL 503958, at *3 (W.D. Tex. Feb. 23, 2026) (ordering bond hearing where government bears the burden to prove flight risk or danger by clear and convincing evidence); *Rodriguez v. Bondi*, No. EP-26-CV-00292-DB, 2026 WL 523055, at *2 (W.D. Tex. Feb. 25, 2026) (same); *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (ordering immediate release).

## III.    RELIEF

The Court therefore **ORDERS** as follows.

1. The Court **VACATES** its Order of February 3 (ECF No. 6).

2. Respondents must provide Petitioner with a bond hearing before an IJ at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. **Respondents must provide this hearing within five (5) days, or else release Petitioner.**

3. Respondents must file an advisory with the Court **on or before March 26, 2026**, informing the Court of the result of the hearing and Petitioner's custody status.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 9, 2026.**

   **IT IS SO ORDERED.**

   **SIGNED** at Houston, Texas, on March 19, 2026.

   Keith P. Ellison
   United States District Judge