United States District Court
Southern District of Texas
**ENTERED**
April 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MANUEL RODRIGUEZ LINARES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-0554** |
| | § | |
| **RAYMOND THOMPSON,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

## **ORDER**

Before the Court is Petitioner Manuel Rodriguez Linares' Second Motion to Enforce Judgment and for Relief in Aid of Execution. ECF No. 11. During a hearing held on April 8, 2026, the Court found that the Immigration Judge presiding over Petitioner's case had violated this Court's March 19, 2026, order to provide Petitioner with a bond hearing at which the Government bore the burden of proof to show by clear and convincing evidence that Petitioner was a flight risk or danger to the community. *See* ECF No. 10 at 4. Accordingly, the Court **GRANTED** Petitioner's request for immediate release.

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for more than six months. Given the severity of this ongoing unconstitutional deprivation of liberty and the Immigration Judge's failure to adhere to this Courts prior order, the

Court concluded that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 24 hours.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3. If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to conditions of release without notice and a hearing at which the government bears the burden of showing why such conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 10, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 17, 2026.**

IT IS SO ORDERED.

Signed at Houston, Texas on April 8, 2026.

Keith P. Ellison
United States District Judge